# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

CHELAN LASHA,

    Plaintiff,

v.

WILLIAM COSBY, JR.,

    Defendant.

Case No.: 2:24-cv-00214-CDS-NJK

**Order**

[Docket No. 41]

    Pending before the Court is the parties' stipulation to extend time to take party depositions. Docket No. 41.

    A request to extend unexpired deadlines in the scheduling order is governed by Rule 16 of the Federal Rules of Civil Procedure.[1] "The Ninth Circuit is protective of this particular rule, as it deems Rule 16 to be an essential tool in controlling heavy trial court dockets." *Williams v. James River Grp. Inc.*, 627 F. Supp. 3d 1172, 1177 n.3 (D. Nev. 2022) (quoting *Gerawan Farming, Inc. v. Rehrig Pac. Co.*, No. 1:11-cv-01273-LJO-BAM, 2013 WL 645741, at *4 (E.D. Cal. Feb. 21, 2013)). Indeed, the Ninth Circuit has "repeatedly and emphatically addressed the importance of scheduling orders as tools for district courts to manage their heavy caseloads." *Desio v. State Farm Mut. Auto. Ins. Co.*, 339 F.R.D. 632, 641 (D. Nev. 2021) (collecting cases). As articulated in one of those cases:

> A scheduling order "is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril." The district court's decision to honor the terms of its binding scheduling order does not simply exalt procedural technicalities over the merits of [the] case. Disregard of the order would undermine the court's ability to control its docket, disrupt the agreed-upon course of the litigation, and reward the indolent and the cavalier.

---

[1] Such a request is also governed by Local Rule 26-3.

1

*Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 610 (9th Cir. 1992) (internal citation omitted).[2] Given the importance of scheduling orders and the well-established expectation that they be taken seriously, "enforcement of such an order should come as a surprise to no one." *Cornwell v. Electra Cent. Credit Union*, 439 F.3d 1018, 1027 (9th Cir. 2006).

The Rule 16 good cause analysis for obtaining relief from the scheduling order turns on whether the subject deadlines cannot reasonably be met despite the exercise of diligence. *Johnson*, 975 F.2d at 609. "The diligence obligation is ongoing." *Morgal v. Maricopa Cnty. Bd. of Supervisors*, 284 F.R.D. 452, 460 (D. Ariz. 2012). The showing of diligence is measured by the conduct displayed throughout the entire period of time already allowed. *See Muniz v. United Parcel Serv., Inc.*, 731 F. Supp. 2d 961, 967 (N.D. Cal. 2010) (quoting *Jackson v. Laureate, Inc.*, 186 F.R.D. 605, 607 (E.D. Cal. 1999)). "[C]arelessness is not compatible with a finding of diligence and offers no reason for a grant of relief." *Johnson*, 975 F.2d at 609. When diligence has not been shown in support of an extension request, "the inquiry should end." *Id.*[3]

Good cause is lacking here. The parties have consistently failed to demonstrate diligence, *see* Docket Nos. 32 at 2, 37 at 2, and their conduct does not reflect the appropriate diligence in getting discovery wrapped up. In fact, the parties' statement of completed discovery, Docket No. 41 at 2, is nearly identical to the statement provided to the Court in Defendant's previous request

---

[2] The Ninth Circuit has at times taken a softer approach to extensions of deadlines outside the Rule 16 context, such as those related to briefing schedules. *See Ahanchian v. Xenon Pics., Inc.*, 624 F.3d 1253, 1257-60 (9th Cir. 2010); *but see Ratha v. Phatthana Seafood Co.*, 35 F.4th 1159, 1181 (9th Cir. 2022) (distinguishing *Ahanchian* and affirming denial of request to extend "stringent" briefing schedule). Given the robust body of law specific to the Rule 16 context, the Court does not apply the standards discussed in these other cases. *See, e.g.*, *Williams*, 627 F. Supp. 3d at 1177 n.3 (citing *Espinosa v. Corrections Corp. of Am.*, No. 2:19-cv-01617-RFB-NJK, 2021 WL 4186694, at *1 n.1 (D. Nev. Aug. 23, 2021)).

[3] A showing of diligence is required regardless of whether the request to modify case management deadlines is presented by stipulation. "That a request is made jointly neither mandates allowance of the extension sought nor exempts parties from making the necessary showings to justify that relief. Failure to provide such showings may result in denial of a stipulated request to extend the case management deadlines." *Williams*, 627 F. Supp. 3d at 1178; *accord Lux v. Buchanan*, No. 2:23-cv-00839-MMD-NJK, Docket No. 49 (D. Nev. Nov. 1, 2023) (Du, C.J.) (affirming denial of stipulation to extend case management deadlines based on lack of diligence).

on March 24, 2025, Docket No. 34 at 2.[4]  No discovery was completed after the Court granted an extension of discovery deadlines on May 1, 2025.  Docket No. 41 at 2; *see also* Docket No. 37.

Further, the stipulation fails to show that any relief from the case management deadlines is warranted. The stipulation seeks relief partially based on the parties' counsels' trial schedule. Docket No. 41 at 3.  As the parties are well aware, Docket No. 32 at 3, a busy litigation schedule is not grounds for relief from deadlines.  The parties also fail to provide an explanation as to why these depositions could not have been taken earlier.  *See* Docket No. 34 at 3.  Lastly, Defendant fails to provide an explanation as to his illness on May 11, 2025, or as to why he and defense counsel were not available on the several earlier dates proposed by Plaintiff's counsel.  *See* Docket No. 41 at 3.

The Court will, nonetheless, allow a 30-day extension of the current deadlines for the limited purpose of taking party depositions.  The Court is not inclined to extend deadlines further.

Accordingly, the stipulation to extend time is **GRANTED**.  Docket No. 41.

Deadlines are **RESET** as follows:

- Discovery cutoff:  June 23, 2025
- Dispositive motions:  July 23, 2025
- Joint proposed pretrial order:  August 22, 2025, 30 days after resolution of dispositive motions, or by further Court order

IT IS SO ORDERED.

Dated: May 23, 2025

Nancy J. Koppe
United States Magistrate Judge

---

[4] The parties still fail to provide the dates the parties exchanged expert disclosures.  Docket No. 41 at 2; *see also* Docket No. 37 at 2.