UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

Chelan Lasha,

        Plaintiff

v.

William Cosby, Jr.,

        Defendant

Case No. 2:24-cv-00214-CDS-NJK

**Order Rejecting Proposed Joint Pretrial Order**

[ECF Nos. 44, 45]

      Plaintiff Chelan Lasha and defendant William Cosby, Jr. submitted their amended proposed joint pretrial order.[1] ECF No. 45. However, because elements of it do not comply with Local Rules 16-3 and 16-4, the parties' proposed joint pretrial order is rejected.

      First, in their schedules of exhibits, both sides list some of the same exhibits, but also object to them. *Compare* ECF No. 45 at 8 (plaintiff: records produced by Healing Journeys Mental Health 000001-000047 with defendant's objections: irrelevant, lack foundation, contain hearsay, and amount to improper expert or opinion testimony), *with id.* at 11 (defendant: portions of Healing Journey medical records 1–48 with plaintiff's objections: lack of authentication, hearsay, lack of foundation, and rape shield laws); *see also id.* at 8 (plaintiff: records produced by Wesley Health Centers 1-1119 with defendant's objections: irrelevant, lack foundation, contain hearsay, and amount to improper expert or opinion testimony), *with id.* at 11 (defendant: portions of Wesley Health medical records 1-119 with plaintiff's objections: lack of authentication, hearsay, lack of foundation, and rape shield laws). It seems obvious that the parties did not engage in a meaningful, personal discussion as required by Local Rule 16-3(b); nor did they discuss stipulating as required by Local Rule 16-3(b)(8)(B) ("Stipulations on admissibility, authenticity, and/or identification of documents should be made whenever possible.").

---

[1] The parties filed a proposed joint pretrial order on August 22, 2025. ECF No. 44. Because they filed an amended version three days later, ECF No. 45, the original proposed order is moot.

Local Rule 16-3(b)(8) further requires parties to list their trial exhibits and describe them "sufficiently for ready identification[.]" Here, Lasha lists catch-all categories: "Requests for Admissions propounded by Plaintiff to Defendant," "Defendant's verified responses to Requests for Admissions," "Defendant's verified responses to document requests propounded by Plaintiff," "Interrogatories propounded by Plaintiff to Defendant," and "Defendant's verified responses to interrogatories propounded by Plaintiff." ECF No. 45 at 9–10. Lasha's descriptions are too vague to permit Cosby to object to them as required by Local Rule 16-3(b)(8)(B). Lasha's broad designation of "[d]ocument requests propounded by Plaintiff to Defendant" is also insufficient. *Id.* at 9. If what Lasha means here is every single document that she received in response to her document requests, then this is noncompliant with the rules, and also makes it impossible for the defendant to object.

In Cosby's schedule of exhibits, he lists the deposition of Lasha "to the extent appropriate based on the Plaintiff's case in chief." Lasha objects "since Defendant has failed to identify what portion of this testimony he seeks to introduce." ECF No. 45 at 10. It appears Cosby seeks to potentially use Lasha's deposition to contradict or impeach her testimony during trial, but that's unclear; designating the portions is required "except for impeachment purposes." Local Rule 16-3(b)(10). Further, as discussed above, Cosby's blanket inclusion of "Plaintiff's Sworn Discovery Answers (Rogs and RFPS)" is not permissible as exhibits must be described sufficiently for ready identification and to allow the plaintiff to properly object. Local Rule 16-3(b)(8); Local Rule 16-3(b)(8)(B).

Second, in the electronic evidence section, Lasha indicates she will use "[v]ideo testimony of witnesses who are not residents of Nevada, including without limitation, Joseph Burgess, Felicia Williams, Dr. M. Christin Nadeau, and Victoria Valentino Carbe-Chen." ECF No. 45 at 12. Cosby objects to the admission of remote or zoom testimony. *Id.* Although it is unclear what Lasha intends here, this issue falls outside the scope of the joint pretrial order and should be the subject of motions practice.

Third, in the deposition section, the proposed order states that Lasha intends to offer the deposition of Dr. Deborah Davis, but the "deposition has not yet been taken." ECF No. 45 at 13. Discovery closed on June 23, 2025. Order, ECF No. 42 at 3. Nonetheless, the proposed order must contain "any depositions intended to be offered at the trial, . . . and designat[e] the portions of the deposition to be offered[.]" Thus, untimely deposition designations may be excluded from consideration as evidence. LR 16-3(b)(10). Though Cosby attempts to "reserve[] his right to object," ECF No. 45 at 13, there is no such right. All objections to depositions must be included in the proposed order. LR 16-3(b)(11).

Fourth, between both parties, they have listed over 100 witnesses. ECF No. 45 at 14–16. Although the parties are not required to list only those witnesses they are confident will testify at trial, they cannot simply list every person identified in, or not identified in, discovery. Also, the list may not include ambiguously broad witnesses such as "[a]ny and all medical personnel identified in any of Plaintiff's treatment records and/or any facilities that treated Plaintiff" or "Designee for any agent, manager or person responsible for booking shows . . ." as Cosby does here. More troubling though, is one of Cosby's objections to Lasha's witnesses.[2] The joint pretrial order is not the place to address these so-called objections. To the degree that Cosby feels he is entitled to relief, such allegations are the subject of motions practice. Further, to the extent grounds exist to do so, both parties' objections to witnesses should be made through a motion in limine to exclude witnesses.

## Conclusion

IT IS HEREBY ORDERED that the parties' amended joint pretrial order **[ECF No. 45] is REJECTED**; and their original proposed joint pretrial order **[ECF No. 44] is denied as moot**.

---

[2] Cosby objects to Lasha's witnesses on the grounds that (1) he was denied adequate time and opportunity to conduct discovery of third-party witnesses and to conduct appropriate expert testimony; (2) he has been denied his constitutional rights under the Due Process cause; (3) he has been denied a fair opportunity to defend against Lasha's allegations, and (4) he has been denied a fair opportunity to present evidence. ECF No. 45 at 15. Again, the proposed order is not the place to lodge such objections or to attempt to preserve objections.

Counsel is reminded that the rules are designed to streamline trial preparation and presentation; therefore more thought and effort is required. The parties are ordered to resolve all disputes, except the most complex disputes, amongst themselves before resubmitting a second proposed joint pretrial order—which is due by October 6, 2025.

Dated: September 5, 2025

_____
Cristina D. Silva
United States District Judge